GEORGE LEWIS *versus* GEORGE BREWER, JR. *& als.*

In an action on a bond of a poor debtor who had taken the oath, it is not competent for the plaintiff to invalidate the record of the justices, by proof that the citation, to the creditor, was not under seal.

The objection should be taken on the hearing before the justices; and, if overruled, *certiorari* to quash the proceedings is the appropriate remedy.

The record of the justices in a suit on a poor debtor's bond, cannot be impeached collaterally when offered in evidence.

THIS was an action of DEBT upon a poor debtor's bond, given to relieve the principal obligor from arrest on execution. The parties agree upon the following statement of facts :—

The defence is the record of proceedings before two justices, by whom the debtor had been allowed to take the oath prescribed by the statutes for his discharge from the arrest. The plaintiff objects to the sufficiency of these proceedings on the ground that the citation to the creditor, issued by one of the magistrates, was not under seal, and that, therefore, the magistrates had not jurisdiction, and the record of their proceedings is not a sufficient defence; and relies, in support of the objection, upon R. S., c. 113, § 23. This is the only ground of objection.

It is admitted by the defendants that the citation was not under seal, provided it is open to the creditors to prove such fact, the justices having certified in their record that they have examined the citation and return and found the same correct.

*Barnes*, for the plaintiff.

*Fessenden & Butler*, for the defendants.

The opinion of the Court was drawn up by

WALTON, J.—When a person, arrested on execution and released upon giving a poor debtor's bond, desires to dis-

close, the law requires that the citation to the creditor should be under seal. R. S., c. 113, § 23.

If the justices, selected to hear the disclosure, certify in their record, that they have examined the citation and return and find them correct, is it competent for the plaintiff, in an action upon the bond, to invalidate the record by showing that the citation was not under seal? This is the only question in the case.

Our statutes for the relief of poor debtors have always required the justices to examine the citation and return, and to adjudicate upon their sufficiency before proceeding to examine the debtor; and this Court has repeatedly held, that their adjudication was final and conclusive, and that evidence is not admissible, in an action upon the bond, to contradict the record in these particulars.

By the Act of 1856, c. 263, incorporated into the R. S. of 1857, (c. 113, § 48,) it is provided that evidence may be received to show that no legal service of the citation was made, though it may contradict the record and certificate of the magistrates who administered the oath. But this provision applies only to the service of the citation, leaving adjudications upon the sufficiency of citations in other respects unaffected and conclusive as before. So held in *Baldwin* v. *Merrill*, 44 Maine, 55. The phraseology in the Revised Statutes is slightly different from that in the Act of 1856, but the meaning is the same.

It is admitted by the defendants, that the citation in this case was not under seal, provided it is open to the plaintiff to prove such fact.

The justices having certified in their record that they had examined the citation and return and found the same correct, the Court is of opinion that it is not competent for the plaintiff to invalidate this record, by proof that the citation was not under seal.

If a party desires to take advantage of such a defect, he should call the attention of the justices to it, in which case they would undoubtedly hold the citation to be insufficient.

If not, the aggrieved party could apply for a writ of *certiorari* to quash their proceedings. But the justices' record cannot be impeached collaterally, when offered in evidence in a suit upon the bond.                                   *Plaintiff nonsuit.*

APPLETON, C. J., DAVIS, KENT and DICKERSON, JJ., concurred.